IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEPHON REED                                                                                    PETITIONER
ADC # 137066

V.                              CASE NO. 5:17-CV-00257-KGB-JTK

WENDY KELLEY, Director                                                              RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that the Petition for Writ of Habeas Corpus (DE #2) be DISMISSED with prejudice.

## Procedural History

On September 7, 2006, Petitioner pleaded guilty to battery in the first degree in Columbia County Circuit Court and was sentenced to 120 months' imprisonment with an additional 60 months' suspended imposition of sentence in the Arkansas Department of Correction ("ADC"). (DE 7-2) He was released from the ADC on September 12, 2016, on an approved parole plan of the Arkansas Board of Parole. (DE # 7-3, p. 3) On January 31, 2017, Petitioner was arrested for aggravated assault for threatening someone with a deadly weapon in Columbia County, Arkansas. *Id.* As a result, the Arkansas Board of

Parole issued a "Warrant for Retaking Prisoner" on February 15, 2017, ordering that the Petitioner "be retaken and held in custody at any suitable detention facility pending disposition of the charges." (DE # 7-5) The Petitioner received and signed the "Notice of Parole Violation Action" on February 16, 2017. (DE # 7-6) The notice also contained information pertaining to the revocation hearing process. *Id.* On February 16, 2017, Petitioner signed a "Waiver of Revocation Hearing" in which he admitted to violating the conditions of his release and "voluntarily and intelligently" waived his right to a revocation hearing, with the understanding that his parole would be revoked and he would be placed into the custody of the ADC. (DE # 7-7) On April 20, 2017, the Petitioner appeared before the Columbia County Circuit Court and entered a negotiated plea of guilty to terroristic threatening in the first degree, and the court sentenced him to twenty-four (24) months' imprisonment with an additional forty-eight (48) months suspended imposition of sentence. (DE # 7-8)

In connection with the 2006 battery conviction, the Parole Board held a "Hearing/Screening" on August 17, 2017, and a five-member board denied Petitioner's transfer to parole supervision for one year. (DE # 7-9) Petitioner requested that the Arkansas Board of Parole reconsider the decision of the screening/hearing in a letter dated August 31, 2017. (DE # 7-10) The Board denied Petitioner's reconsideration request and on September 10, 2017, the previous action denying Petitioner's parole for one year was affirmed. (DE # 7-12) Petitioner did not further appeal the board's decision to an Arkansas state court.

On October 10, 2017, Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254. (DE # 2) Construing the petition liberally, Petitioner argues that the revocation and denial of parole violated his due process rights and his right to be free from double jeopardy. Specifically, Petitioner states that: (1) denying his parole violated due process because he was "charged with one offense, [and] convicted of another, in violation of the 14th Amendment" and (2) his parole was revoked in violation of double jeopardy because the parole board was "barred from relitigating these facts/issues due to collateral estoppel and res judicata." *Id.* at 5-7. Respondent filed her Response on December 18, 2017. In it, she avers that Petitioner's claims are procedurally defaulted and, in the alternative, are meritless. (DE # 7) Petitioner filed his Reply arguing that his claims cannot be procedurally defaulted because Arkansas statutory law bars prisoners, such as himself, from seeking judicial review of administrative actions. (DE # 8)

## Discussion

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an

'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

> The Administrative Procedures Act ("APA") for the State of Arkansas provides that:
>
>> In cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter.

A.C.A. § 25-15-212. Furthermore, the Act requires that the proceedings for review shall be instituted by filing a petition within thirty (30) days after final adjudication, in the circuit court that the petitioner resides or the Pulaski County Circuit Court. A.C.A. § 25-15-212(b)(1). Notwithstanding the language in the statute, and Petitioner's contention that this avenue of relief is not available to prisoners, federal courts have ruled that parole revocation decisions by the Arkansas Parole Board are administrative decisions governed by the APA. *See Hickman v. Arkansas Board of Pardons and Paroles*, 361 F. Supp. 864, 868-69 (E.D. Ark. 1973). The Arkansas Supreme Court has also held that when parole is

revoked, that revocation "can be set aside in the courts if it be shown that the Board acted arbitrarily or capriciously," that attack; however, must be done through a direct proceeding and not collaterally. *Webb v. Bishop*, 242 Ark. 320, 325, 413 S.W.2d 862, 865 (Ark. 1967). While it is true that "exclusive jurisdiction of custody, control, supervision, etc. of all persons in the penitentiary is vested with the Arkansas Department of Correction," *Stevens v. State*, 262 Ark. 216 (1977), an inmate is entitled to judicial review when he or she asserts an infringement upon constitutional rights. *See Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991).

Petitioner does not dispute that he did not seek judicial review of the parole board's revocation and subsequent denial of parole. Instead, Petitioner argues that judicial review of his claims was not available. Petitioner's argument is incorrect. In order to fully develop the factual basis for his constitutional claims in state court, Petitioner was obliged to appeal the decisions of the Arkansas Parole Board by filing a petition in an appropriate Arkansas circuit court within thirty (30) days of service upon him of the Arkansas Parole Board's final decision. Regarding his revocation, Petitioner received information pertaining to the revocation hearing process on February 16, 2017. Rather than moving forward with the revocation hearing and appealing the hearing examiner's decision to the Arkansas Parole Board, Petitioner altogether waived his right to be heard at a hearing. The waiver signed by Petitioner specifically stated, "I have no excuse for violating the condition(s) of release as alleged. I believe the violation(s) I have admitted is/are serious enough to justify the revocation of my release." (DE # 7-7) With regard to the subsequent denial of parole, on September 10, 2017, the Parole Board denied the Petitioner's reconsideration request and

affirmed its previous action denying Petitioner's parole for one year. As discussed above, under Arkansas law, Petitioner had thirty (30) days from the date he received the board's final decision to seek judicial review. He failed to do so. By failing to do so, Petitioner failed to develop the factual basis for his claims in state court proceedings as required by 28 U.S.C. § 2254(e)(2), and therefore, his claims are procedurally defaulted.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

Petitioner has not established cause for the default and actual prejudice because of the alleged violations of federal law, nor has he alleged facts showing a fundamental miscarriage of justice.

In his Reply, the Petitioner argues that his actual innocence "overcomes" any alleged procedural default. More specifically, Petitioner states that his "parole must be reinstated due to his innocence to the crimes that triggered his parole revocation." (DE # 8, p. 8) It appears Petitioner is of the belief that his subsequent guilty plea to the reduced charge of terroristic threatening resulted in an acquittal of the aggravated assault charge on which his revocation was premised, and thereby, his revocation is invalid. To invoke the "fundamental miscarriage of justice" exception to showing cause and prejudice for a defaulted claim, Petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). "[A] claim of 'actual innocence' is . . . a gateway through which a habeas petitioner must pass to have her otherwise barred constitutional claim considered on the merits." *Mansfield v. Dormire*, 202 F.3d 1018, 1024 (8th Cir. 2000) (internal citations omitted). Petitioner contends that the charge upon which his revocation was premised was aggravated assault with a firearm. This claim is simply false. The violation report, dated February 8, 2017, specifically states the violation was that "[o]n or about January 31, 2017, Stephon Reed, had in his possession an illegal weapon (knife) use[d] to commit the offence of Aggravated Assault in Columbia County. (DE # 7-3, p. 4) Petitioner has merely set forth an incorrect factual and legal conclusion; therefore, because the Petitioner has not

offered any new evidence to establish his actual innocence, the fundamental miscarriage of justice argument must fail.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 27th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE